IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BRADDICK, D/B/A BIOFLEX MEDICAL, | § § § § § | |
| Petitioner, | | |
| v. | § § § | Civil Action No. **3:18-CV-3428-L** |
| ALLEN ACOSTA, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Michael Braddick's ("Petitioner" or "Braddick") Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (Doc. 1), filed December 31, 2018. After considering the application, pleadings, and applicable law, the court **denies** Petitioner's Application for Temporary Restraining Order (Doc. 1) and **denies without prejudice** the Application for Temporary Injunction and Permanent Injunction (Doc. 1).

**I.    Factual and Procedural Background**

On December 31, 2018, Braddick filed a complaint against Respondent Allen Acosta, Secretary of the United States Department of Labor ("Respondent"), seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 and requesting a temporary restraining order, temporary injunction, and permanent injunction. Braddick, doing business as Bioflex Medical, provides durable medical equipment ("DME") and services to the Department of Labor ("DOL") to facilitate filling prescriptions for patients who are government employees participating in Department of Workmen's Compensation ("OWCP") and Division of Federal Employee's Compensation ("DFEC") programs. On or about April 13, 2018, Bioflex Medical was served with

**Memorandum Opinion and Order – Page 1**

a search and seizure warrant to seek evidence of an alleged crime. The warrant was supported by the affidavit of DOL special agent Dimitrios Koumas and signed by United States Magistrate Judge David L. Horan. On May 15, 2018, the DOL sent Bioflex Medical a letter stating that a hold would be placed on payments to its accounts for services provided under the OWCP/DFEC programs due to potentially fraudulent billing practices. Bioflex Medical was further advised that bills previously submitted by it to the DOL would be subject to an administrative review. As of the filing date of the Complaint, Bioflex Medical contends it is entitled to over $619,000 in suspended billings, 72% of which have been denied by Respondent on the basis that they were improperly coded in violation of OWCP/DFEC rules and regulations.

On October 4, 2018, in connection with a related and now-dismissed bankruptcy proceeding, the DOL sent the Trustee for Petitioner its explanation for the denial of the charges. It determined that only ten percent of claims submitted by Bioflex Medical met the standard for reimbursement under OWCP/DFEC rules. Petitioner now contends that, in arriving at that conclusion, the DOL provided "no then explanation of the defect, or cure, or communication that could establish appeal rights and timing" and, in subsequent communications between the parties, "there has been no response, no rejection, and no directions to allow [Petitioner] to cure." Doc. 1 ¶ 20.

Petitioner also contends that he received prior approval from Respondent to fill over $130,000 in prescriptions and then subsequently was not reimbursed for those pre-certified claims. Petitioner argues this is a "fraudulent action" because Respondent is essentially "inducing Bioflex to deliver DME to the patient and then refusing to pay for it without providing cause, or recourse to administrative remedies." Doc. 1 ¶ 21. Petitioner contends that he has been denied due process because Respondent has "all but ruined a small business by failing to provide guidance where

guidance was needed and failing to pay for services rendered in good faith," in spite of his repeated requests for such guidance from OWCP and DFEC. Doc. 1 ¶¶ 22-23. Petitioner contends that Respondent has further denied him due process by failing to respond "one way or the other" to Petitioner's requests for reconsideration of the denial of claim reimbursements.

In his Complaint, Petitioner requests that the court issue a declaratory judgment that Respondent is required to reimburse him for the suspended billings related to supplies and equipment provided to OWCP and DFEC programs. Petitioner also requests that the court issue a temporary restraining order, temporary injunction, and permanent injunction to enjoin "Defendants, their successors, agents, servants, representatives, employees and all persons acting in concert with them from taking any action to withhold reimbursements to Plaintiffs [sic] for invoices for DME services and supplies provided to claimants under OWCP/FECP programs under his authority and control." Doc. 1 ¶ 51. Petitioner requests, "[a]t minimum," that the court require Respondent to pay "the amount of pre-approved claims as shown on Exhibit G," which, according to that exhibit, amounts to $59, 939.39. Doc. 1 ¶ 18; Doc 2-1 48-49 ("Ex. G").

## II. Standard for Temporary Restraining Order

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary

restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

## III. Discussion

Petitioner has failed to meet the requirement of showing the court that he will be irreparably harmed if the court declines to grant the requested relief. Petitioner seeks monetary reimbursement from Respondent for services already rendered, which does not constitute the type of injury that an injunction is designed to prevent. To satisfy the second element of the standard, a party must show that irreparable harm would result. In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975). "Federal courts have long recognized that, when the threatened harm is more than de minimis, it is not so much the magnitude but the *irreparability* that counts for purposes of a preliminary injunction." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (citation omitted). "It is thus well-established that an injury is irreparable only if it cannot be undone through monetary remedies." *Id*. (citations and quotation omitted). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm." *Id*. (citations and quotation omitted).

Petitioner's request for reimbursement of suspended billings does not meet the irreparability requirement. Petitioner has not shown the court why it is entitled to this extraordinary

relief prior to the court's determination, in the ordinary course of litigation, whether Respondent wrongfully withheld payments for supplies and equipment provided to OWCP and DFEC by Bioflex Medical. Should the court determine Petitioner is entitled to such reimbursements, it has the ability to order the adequate compensatory relief at that time. Petitioner has failed to show the court that his alleged injury cannot be undone through monetary remedies available at a later date and, accordingly, is not entitled to a temporary restraining order at this stage of the proceedings.

## IV. Conclusion

For the reasons stated herein, the court **denies** Petitioner's Application for Temporary Restraining Order (Doc. 1) for failure to show that an irreparable harm would result if it is not granted. The court **denies without prejudice** Petitioner's Application for a Temporary and Permanent Injunction (Doc. 1).[*]

**It is so ordered** this 15th day of January, 2019.

Sam A. Lindsay
United States District Judge

---

[*] Plaintiff uses the term "temporary injunction"; however, the court presumes that he is referring to a preliminary injunction," as Rule 65 of the Federal Rules of Civil Procedure does not reference the term "temporary injunction." Moreover, once Defendant has been served with Plaintiff's complaint and Defendant has answered or filed a motion to dismiss, the court, assuming there is no agreement between the parties, can take up the issue regarding a preliminary injunction if Plaintiff so requests.